# U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JANICE RILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-4126 |
| MISSOURI NATIONAL GUARD, et al., | ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendants Missouri National Guard, Stephen Danner, Gregory Champagne, Timothy Jones, Rodney Ginter, Stephanie Boykin, and Teri Baty (hereinafter collectively referred to as "Defendants"), by and through their undersigned attorneys, and pursuant to 28 U.S.C. § 1441 and 1446, hereby file this Notice of Removal in the United States District Court, Wester District of Missouri, Central Division, and respectfully state as follows:

1. On or about November 21, 2017, Plaintiff commenced an action in the Circuit Court of Cole County, Missouri, styled *Janice Riley v. Missouri National Guard, et al.*, Case number 17AC-CC00588.

2. On May 22, 2023, the Circuit Court of Cole County issued an order granting Plaintiff to file a First Amended Petition by. A copy of the First Amended Petition is attached as Ex. A. A copy of the docket sheet from the Circuit Court of Cole County is attached as Ex. B and incorporated herein.

3. Thus, this Notice of Removal was filed within 30 days after receipt of the First Amended Petition and is timely pursuant to 28 U.S.C. § 1446(b).

4. 28 U.S.C. § 1442(a)(1) allows for the removal to federal court of "[a] civil action or criminal prosecution" against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States."

5. Plaintiff Janice Riley, at all times relevant to the claims in the First Amended Petition, was a member of the Missouri Air National Guard who performed duties as a personnel technician. Ex. A at ¶ 4.

6. The First Amended Petition brings claims against Defendants Missouri National Guard and Stephen Danner, the Adjutant General of the Missouri National Guard. Ex. A at ¶¶ 5-6.

7. "The National Guard is a dual federal and state program. See *Meagher v. Heggemeier*, 513 F. Supp. 2d 1083, 1089 (U.S.D.C. for Minn., 2007). The National Guard "plays a dual role, operating under joint federal and state control." *In re Sealed Case*, 551 F.3d 1047, 1048 (D.C. Cir. 2009). This dual federal-state status is guided by the Constitution's grant of authority to Congress for "organizing, arming, and disciplining[] the militia, and for governing such part of them as may be employed in the service of the United States," but "reserving to the states respectively, the appointment of the officers, and the authority of training the militia according to the discipline prescribed by Congress," *id.* at 1048 (quoting U.S. Const. art. I, § 8). Each of the fifty states thus has its own National Guard unit which it is responsible for training and which the state governor may "command 'to respond to local emergencies.'" *Id.* (quoting *Perpich v. Dep't of Def.*, 496 U.S. 334, 351 (1990)). But "the Federal Government provides virtually all of the funding, the materiel, and the leadership for the State Guard units," *id.* (quoting

*Perpich*, 496 U.S. at 351), and may call the units into federal service under the command of the Department of Defense, *see id.*

8. Members of the Missouri National Guard simultaneously enlist in the state National Guard and in the National Guard of the United States. *See Perpich* 496 U.S. at 345 (describing dual enlistment provisions enacted after World War I). When members are called into federal active duty status, they serve pursuant to Title 10 of the United States Code, which pertains to all active duty members of the armed services of the United States. *See* 10 U.S.C. § 101(d)(1) (defining "active duty").

9. One form of federal reserve status is service in a "hybrid" status pursuant to Title 32 of The United States Code, in which members provide military support as state National Guard members under state control while also in the service of the federal government and funded by the federal government. *See* 10 U.S.C. § 101(d)(5) (defining "full-time National Guard duty" service pursuant to provisions of Title 32).

10. The United States Supreme Court recently held that a State National Guard was a federal agency for purposes of the Federal Service Labor-Management Relations Statute. *Ohio Adjutant General's Dep't v. FLRA*, 143 S.Ct. 1193. 1199 (2023).

11. The United States District Court for the District of Columbia has held that that a state National Guard was a federal agency for purposes of the Freedom of Information Act (FOIA). See *Citizens for Responsibility & Ethics in Wash. v. United States Dep't of the Army*, 2023 U.S. Dist. LEXIS 103621, *3-4 (U.S.D.C., D.C., June 14, 2023).

12. Therefore, Defendant Missouri National Guard is a federal agency for purposes of 28 U.S.C. § 1442(a)(1). Thus, a federal forum must be available to the Missouri National Guard to defend against this action.

13. Additionally, Defendant Danner is an agent of the United States in his role as Adjutant General of the Missouri National Guard.

14. 32 U.S.C. § 709 charges adjutant generals with employment and administration of civilian technicians who are federal employees.

15. "In view of the foregoing, there can be no doubt that the Adjutant General of [a state] is an agency or an agent of the United States . . . ." *Chaudoin v. Atkinson*, 494 F.2d 1323, 1329 (3rd Cir. 1974).

16. Defendant Danner, as the Adjunct General of the Missouri National Guard, is a Title 10 federal officer, and therefore an officer of the United States for purposes of 28 U.S.C. § 1442(a)(1). Therefore, a federal forum must also be available to Danner to defend against this action.

17. Additionally, the First Amended Petition alleges Plaintiff's constitutional rights pursuant to the Fifth and Sixth Amendments were violated, along with alleged violations of 10 U.S.C. § 827 and § 831. *See* Ex. A at p. 6-7; ¶¶ 39 – 41. Thus, Plaintiff brings federal claims, and this Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

18. Removal is appropriate in the Western District of Missouri, Central Division, because this case is currently pending in Cole County, a State court in the United States District Court, Western District of Missouri, Central Division. 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action or criminal

prosecution from a State Court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal…").

19. Written notice of the filing of this Notice of Removal has been served on all parties who have appeared in this action and a copy of the Notice of Removal has been filed with the Clerk of Court of the Circuit Court of Cole County, Missouri.

WHEREFORE, Defendants request that this action be removed from the Circuit Court of Cole County, Missouri, to this Court, and that further proceedings be conducted in this Court as provided by law.

Respectfully Submitted,

SCHREIMANN, RACKERS & FRANCKA, L.L.C.

/s/ Ryan Bertels
Chris Rackers, #41894
Ryan Bertels, #55167
931 Wildwood Drive, Suite 201
Jefferson City, MO 65109
573/634-7580
573/635-6034 (facsimile)
cpr@srfblaw.com
rb@srfblaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing via the Court's filing system on June 21, 2023, and that a copy was also sent via U.S Mail to the following:

Pete Nacy
Hanrahan & Nacy, P.C.
522 E. Capitol Ave.,
Jefferson City, Mo 65101

       /s/ Ryan Bertels